UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Porshay Murray, | No. 1:22-CV-01449-KJM-SKO |
| Plaintiff, | ORDER |
| v. | |
| Portfolio Recovery Associates, LLC, | |
| Defendant. | |

Following settlement of her substantive claims, plaintiff Porshay Murray seeks attorneys' fees and costs from defendant Portfolio Recovery Associates, LLC., a collection agency. For the reasons set forth below, plaintiff's motion is **granted in part** and **denied in part**.

I.  **BACKGROUND**

Plaintiff filed this action alleging defendant violated the Fair Debt Collection Practices Act (FDCPA) and the Rosenthal Fair Debt Collection Practices Act (RFDCPA). *See generally* Compl., ECF No. 1. A few months later, plaintiff accepted defendant's offer of judgment in the amount of $2,001.00 for plaintiff's damages, and agreed that reasonable attorneys' fees and costs would be determined later. *See* Notice, ECF No. 5. The court then entered judgment and ordered any motion or stipulation for attorneys' fees to be filed within sixty days. J. at 2, ECF No. 16. Plaintiff timely filed the instant motion seeking a total fee award of $19,954.50 and costs totaling $457.63. *See* Mot., ECF No. 17; Mem., ECF No. 17-1. After the motion was fully briefed, *see*

1

1   Opp'n, ECF No. 21; Reply, ECF No. 22, the court submitted the motion without a hearing as
2   provided under Local Rule 230(g).  *See* Min. Order, ECF No. 24.

## II.    LEGAL STANDARD

The FDCPA provides a plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Under the RFDCPA, "the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor." Cal. Civ. Code §1788.30(c). "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citations omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). The court must articulate "the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar." *Id*. at 1148 (*quoting Gates*, 987 F.2d at 1398).

"[T]he established standard when determining a reasonable hourly rate is 'the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation,'" and the burden is on the requesting party to establish the rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citation omitted).

**III.  ANALYSIS**

The parties dispute the total amount of attorneys' fees and costs. *See generally* Opp'n; Reply. Plaintiff seeks $19,954.50 in attorneys' fees and $457.63 in costs. *See* Mem.; Reply at 10.[1] Defendant argues fees should be reduced to $5,344.50 and costs should be reduced to $402.00. Opp'n at 20. The court first evaluates the fee dispute before turning to the parties' arguments regarding costs.

**A.   Fees**

**1.   Reasonable Hourly Rate**

Plaintiff seeks $625 for attorney Michael F. Cardoza, $425 for attorney Lauren B. Veggian, $325 for associate Angely C. Gaviola, $175 for paralegal Keanush Hakimian, and $95 for legal assistant Laura Woods.[2] Mem. at 13–15. Plaintiff provides a declaration from Cardoza stating Cardoza has been practicing for twenty-six years, Veggian has been practicing for approximately ten years and Gaviola has been practicing for approximately three years. Michael F. Cardoza Decl. ¶¶ 5, 32, 35, ECF No. 17-3. In opposition, defendant argues the hourly rates plaintiff seeks are excessive and outside the prevailing market rate. *See* Opp'n at 11.

When assessing reasonable hourly rates, courts look to "the prevailing market rates charged by attorneys in the relevant community engaged in equally complex Federal litigation." *Maldonado v. I.C. System, Inc.*, No. 23-00186, 2024 WL 1092913, at *3 (E.D. Cal. Mar. 13, 2024) (internal quotations and citation omitted). The "relevant community" is generally the forum district, with local hourly rates derived from rates for similar work by attorneys and paralegals of similar experience, skill and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013). The relevant community here is the area served by the Fresno

---

[1] With one exception, when citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system. When citing the invoice, the court cites to the page number on the invoice.

[2] Plaintiff also provides conflicting statements about the hourly rate for paralegal Aimee Cody. *Compare* Matthew M. Loker Decl. ¶ 8, ECF No. (noting Cody's hourly rate should be in the range of $175 per hour) *with* Reply at 10 (listing Cody's hourly rate at $125). However, because plaintiff ultimately does not request any fees for the hours Cody billed, *see generally* Invoice, Cardoza Decl. Ex. A, ECF No. 17-2, the court need not determine a reasonable hourly rate for Cody.

3

1    courthouse in the Eastern District of California.  *See, e.g.*, *TBK Bank, SSB v. Singh*, No. 17-
2    00868, 2018 WL 1064357, at *7 (E.D. Cal. Feb. 23, 2018), *report and recommendation adopted*,
3    No. 17-00868, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018) (noting relevant forum for case filed
4    in Fresno was Fresno courthouse).  The moving party—plaintiff in this case—has the burden of
5    producing satisfactory evidence that the rates requested meet these standards.  *Id.* at 1206.

6       For FDCPA cases in the Eastern District of California, courts in the past have commonly
7    awarded attorneys an hourly rate ranging from $250 to $350.  *See Maldonado*, 2024 WL
8    1092913, at *4 (collecting cases).  For attorneys with more than twenty years of experience,
9    courts in this district have awarded up to $400 an hour.  *Id.* (collecting cases).  While many of
10   these cases were decided more than two years before plaintiff's counsel rendered their services
11   here, *see Bell v. Clackamas Cnty.*, 341 F.3d 858, 869 (9th Cir. 2003), a recent decision by another
12   judge of this court in Fresno maintained these rates in an FDCPA case litigated by the same
13   counsel who have represented plaintiff here, *see e.g.*, *Maldonado*, 2024 WL 1092913, at *4–5.
14   There, the court reduced the requested hourly rates to $400 per hour for Cardoza, $325 per hour
15   for Veggian, $200 for Gaviola, $125 for Hakimian, and $95 for Woods.  *Id.* at *5.  In making this
16   reduction, the court noted the cases plaintiff's counsel relied on in that case were not from the
17   Eastern District and did not reflect the relevant prevailing community market rate.  *Id.* at *2.
18   Further, the court determined the case "did not involve complicated legal or factual issues"
19   justifying the higher fee.  *Id.* at *4.

20       Here, while plaintiff points to other FDCPA cases and non-FDCPA cases in which courts
21   awarded hourly rates between $325 and $575 for attorneys and between $95 and $200 for
22   paralegals and legal assistants at The Cardoza Law Corporation. *See* Cardoza Decl. ¶¶ 25–30.
23   However, none of these awards was made by a judge of this district court, regardless of which
24   courthouse in which the case was heard; these cases therefore do not provide satisfactory support
25   to allow the court's determination of the prevailing market rate for attorney's fees applicable to
26   cases litigated in the Eastern District of California.  Additionally, as defendant notes, no case
27   shows Cardoza was awarded an hourly rate as high as $625 per hour.  *See* Opp'n at 12.

In reply, plaintiff does provide a declaration from another attorney based in the Central District of California, averring the prevailing rate in the Eastern District of California does in fact reach the higher hourly rates plaintiff requests. *See generally* Matthew M. Loker Decl., Reply, ECF No. 22-1. While affidavits from other attorneys can provide satisfactory evidence of prevailing rates in the community, *see United Steelworkers of Am.* 896 F.2d at 407, these affidavits must come from other "attorneys in the community," *see Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1214 (9th Cir. 1986). Thus, plaintiff has not met her burden of supporting the rates her counsel seeks. The court will reduce fees to an appropriate amount. While defendant does not dispute the hourly rate for Gaviola or Woods, defendant argues this court should reduce Cardoza's hourly rate to $575, Veggian's rate to $375, and Hakimian's rate to $125. Opp'n at 14 n.4. On balance, given the lack of support for plaintiff's requested rates and defendant's argument for a modest reduction, which still allows for rates higher than the court applied in *Maldonado*, *supra*, the court finds the following hourly rates are reasonable: $575 for Cardoza, $375 for Veggian, $325 for Gaviola, $125 for Hakimian and $95 for Woods.

## 2.  Reasonable Hours

Having determined the reasonable hourly rates, the court next analyzes whether the number of hours plaintiff's counsel expended was reasonable. *See Gates*, 987 F.2d at 1397. Ultimately, a reasonable number of hours is what "could reasonably have been billed to a private client." *Gonzalez*, 79 F.3d at 1202 (quoting *Moreno v. City of Sacramento*, 545 F.3d 1106, 1111 (9th Cir. 2008)). When calculating reasonable hours, a "district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The court may choose between two different methods of calculation. First, "the court may conduct an 'hour-by-hour analysis of the fee request,' and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Gonzalez*, 729 F.3d at 1203 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding

non-compensable hours from a fee application." *Id*. (internal marks, alterations and citations omitted). Here, because the invoices are not so "massive," the court conducts an hour-by-hour analysis of the fee request. Defendant makes several specific arguments for reducing the total number of hours expended. The court considers each in turn.

          a)       Time Expended After Acceptance of Offer of Judgement

First, relying on *Guerrero v. Cummings*, 70 F.3d 1111, 1113–14 (9th Cir. 1995), defendant argues plaintiff is not entitled to any attorneys' fees incurred after plaintiff accepted defendant's offer of judgment based on Federal Rule of Civil Procedure 68.[3] *See* Opp'n at 10. Defendant's reliance on *Guerrero* is misplaced. In *Guerrero*, the Ninth Circuit barred the plaintiffs from collecting the attorneys' fees incurred after acceptance of an offer of judgement, because the language of the offer constituted a clear waiver of the right to collect these amounts. 70 F.3d at 1113 (finding the words, "incurred by this plaintiff prior to the date of this offer" limited attorneys' fees to those accrued prior to the date of the offer). Here, defendant's offer limited attorneys' fees and costs to those "incurred by Plaintiff in prosecuting the claims alleged[.]" Offer ¶ 2, Notice Ex. A, ECF No. 5-1. The phrase "prosecuting the claims" does not clearly and unambiguously preclude plaintiff from collecting fees incurred in litigating the instant motion for attorneys' fees and costs. *See, e.g.*, *Duvall v. Portfolio Recovery, Assoc., LLC*, No. 20-00089, 2021 WL 6772976 at *2 (D. Alaska Apr. 27, 2021) (finding similarly).

Here, plaintiff may collect reasonable fees incurred after she accepted defendant's offer of judgment. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 659 (9th Cir. 1985) (finding federal courts, including Ninth Circuit, "have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable.").

          b)       Time Expended on Rule 11 Investigation

Next, citing *Buchannon v. Associated Credit Servicers, Inc.*, 20-02245, 2021 WL 5360971, at *17 (S.D. Cal. Nov. 17, 2021), defendant requests the court reduce time billed for

---

[3] Under Rule 68, "[i]f, within 14 days after being served, the opposing party serves written notice accepting [a specified judgment] offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed. R. Civ. P. 68(a).

one entry labeled: "Research and Investigation: Rule 11." *See* Opp'n at 15; Invoice at 1, Mot. Ex. A, ECF No. 17-2. In *Buchannon*, the court reduced a fee entry for a "Rule 11 investigation" because it "contain[ed] no explanation whatsoever as to what pleading, motion, or other filing . . . may have constituted a Rule 11 violation." 2021 WL 5360971, at *17.

However, unlike the time entry in *Buchannon*, the entry here provides an adequate explanation. *See* Invoice at 1. Specifically, the entry states the work included "Perform[ing] conflict check" and "[r]esearch[ing] . . . in order to ensure a meritorious, timely, complete, and compliant filing." *Id*. The court finds this entry reasonable and will allow plaintiff to recover for this modest amount of time expended for a laudable purpose.

          c)      Time Expended Drafting Complaint

Defendant also seeks to reduce the 2.5 hours plaintiff's counsel billed for drafting the complaint. *See* Opp'n at 15; Invoice at 1. In *Buchannon*, the court reduced a 5.0 hour entry to 3.0 hours for attorneys' fees spent preparing the complaint in that case. 2021 WL 5360971, at *19. The court made this reduction because plaintiff's attorney had "filed a similar lawsuit . . . in the Southern District of Texas, case no. 4:20-cv-2700, on behalf of Plaintiff against a different defendant." *Id.* (citation omitted). Here, there is no indication plaintiff's attorneys represented the same plaintiff in a separate action. The complaint does appear to be based on a boilerplate and plaintiff's counsel has filed a similar complaint in at least one other lawsuit. *Compare* Compl., *with* Compl., *Arriaga v. Nelson Cruz & Assocs., LLC*, No. 18-328 (S.D. Cal., Feb. 9, 2018), ECF No. 1. However, on balance, the court finds the relatively modest 2.5 hours a reasonable amount of time to tailor the complaint here. *See generally* Compl. (totaling seven pages with no exhibits).

          d)      Time Billed for Vague Entries

Defendant next contends 0.5 hours billed for "Review of Pleadings: Review initial pleadings" should be reduced because it is "impossible to discern whether this task may have been clerical and therefore not compensable." Opp'n at 15; Invoice at 2. Defendant also argues the combined entries totaling 1.4 hours labeled "Correspondence with PC/Client" are vague and "contain[] no additional detail whatsoever." *Id*. at 15–16; Invoice at 1–5.

7

While the "fee applicant bears the burden of submitting 'evidence supporting the hours worked and rates claimed,'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citation omitted), the Supreme Court has noted an attorney "is not required to record in great detail how each minute of his time was expended," *Hensley*, 461 U.S. at 437 n.12. "Instead, plaintiff's counsel can meet his burden—although just barely—by simply listing his hours and 'identify[ing] the general subject matter of his time expenditures.'" *Fischer*, 214 F.3d at 1121 (citation omitted).

The court finds the 0.5 hours entry reasonable here. According to plaintiff's attorneys, the 0.5 hours entry reflects work by a paralegal, who was tasked with "reviewing the Complaint in preparation for filing." Reply at 6. As a result, plaintiff's attorneys claim the work was "not clerical and should not be reduced." *Id.* The court agrees. *See, e.g.*, *Singh v. Hancock Nat. Resources Group, Inc.*, No. 151-1435, 2017 WL 2275029, at *13 (E.D. Cal. May 25, 2017), *report and recommendation adopted*, No. 15-1435, 2017 WL 2630082 (E.D. Cal. June 19, 2017) (finding time spent reviewing complaint compensable and non-clerical). Furthermore, the description adequately identifies the subject matter— reviewing a pleading before filing. The 0.5 time entry is both adequately descriptive and reasonable.

However, the court finds the combined 1.9 hours for items labeled "Correspondence with PC/Client" too vague to support payment. *Cortes v. Kern Cnty. Superintendent of Sch.*, No. 18-01355, 2019 WL 4013602, at *5 (E.D. Cal. Aug. 26, 2019) (finding entries labeled "Email Correspondence: Regarding [A.C.]" as vague). In reply, rather than clarifying the entries, plaintiff argues the correspondences involved privileged information. *See* Reply at 7. But plaintiff's attorneys could have added more detailed descriptions about the correspondence without disclosing privileged information. *See, e.g.*, *Cortes*, 2019 WL 4013602, at *5 (noting for example, correspondence involved preparation for hearing); *Rasooly v. Aetna Life Ins. Co.*, No. 19-01927, 2021 WL 1583894, at *6 (C.D. Cal. Mar. 25, 2021) (deducting hours for vague entries for "emails" and "telephone calls" to client). For this entry, the court finds a twenty percent deduction is warranted. *See, e.g.*, *id.* (applying twenty percent "haircut" to vague entries). The entries totaling the 1.9 hours, were billed by different individuals. *See* Invoice at 1–5.

8

Specifically, Cardoza billed 0.5 hours, Veggian billed 0.7 hours and Hakimian billed 0.7 hours. Applying a twenty percent reduction across these billed hours, the court allows Cardoza 0.4 hours, Veggian 0.56 hours and Hakimian 0.56 hours. In sum, the court allows a total 1.52 hours for "Correspondence with PC/Client."

e) Time Expended on Internal Communications

Defendant further argues plaintiff cannot recover the hours for entries labeled "internal communications" because they provide "no detail whatsoever as to what these communications entailed[.]" Opp'n at 16; Cardoza Decl. In response, plaintiff argues defendant "is not entitled to any information about the content of communications between Plaintiff's counsel and Plaintiff." Pl.'s Reply, at 7. But as discussed above, these entries could have provided more detail without disclosing privileged information. *See Fisher*, 214 F.3d at 1121; *see Cortes*, 2019 WL 4013602, at *5. Thus, the court finds a twenty percent reduction appropriate here as well. These entries, which total 3.9 hours, were billed by Gaviola, Hakimian and Woods. Invoice at 3–9. Specifically, Gaviola billed 1.0 hours, Hakimian billed 2.8 hours and Woods billed 0.1 hours. *Id.* Applying a twenty percent reduction across these billed hours, the court allows Gaviola 0.8 hours, Hakimian 2.24 hours and Woods 0.08 hours. In sum, the court allows a total 3.12 hours for "internal communications."

f) Time Expended Drafting a Rule 68 Motion

Defendant next requests the court reduce the 0.8 hours spent on "Drafting of Motion: acceptance of rule 68 OOJ" and the 0.5 hours spent on "Drafting of Motion: Draft, review and revise ntc of acceptance of rule 68 judgement." Opp'n at 15; Invoice at 3. In reply, plaintiff agrees to strike the 0.8 hours entry in full and to reduce the 0.5 hours entry to 0.2 hours. Reply at 7. The court finds no further reduction is necessary.

**3.    Thirty Percent Reduction is Not Warranted**

Defendant also argues plaintiff's entire fee award should be reduced by thirty percent because of "excessive, vague, and duplicative time." Opp'n at 16. Plaintiff claims this position is "wholly unsupported[.]" Reply at 8. A "district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific

9

explanation." *Moreno*, 534 F.3d at 1112. But the Ninth Circuit has observed a reduction, for example, "cannot sustain a 50 percent cut, over and above the 9 percent cut . . . without a clear explanation[.]" *Id*. at 1113. The court finds a further reduction is unnecessary, given the other reductions effected above.

### 4.  Proportionality Not Required

Defendant further argues the requested fee amount is unjustifiably disproportional to plaintiff's damage recovery. Opp'n at 18–19. Disproportionality alone is not a reason to discount a fee award. *See, e.g.*, *Davis v. Hollins Law*, 25 F. Supp. 3d 1292, 1302 (E.D. Cal. 2014) ("[T]he court sees no basis to require proportionality in FDCPA cases between the amount recovered and the amount of attorney's fees available thereon."). As the court concluded in *Davis*, "a proportionality requirement would entirely defeat the deterrence value of FDCPA lawsuits." *Id*. Because the statutory damages available to a plaintiff are relatively low, *see* 15 U.S.C. § 1692k(a)(1) and (2)(A) (limiting damages to actual damages suffered by debtor and additional damages, not to exceed $1,000), a proportionality requirement would encourage unfair collection practices in that "[debt collectors] could avoid both significant damages and significant attorney's fees[.]" *Id.*

The court finds no reason to trim the plaintiff's attorneys' fees, which are not excessive overall, to achieve the kind of proportionality defendant urges.

### 5.  Lodestar Multiplier Denied

Plaintiff argues a lodestar multiplier of 0.5 equaling $6,651.50 is warranted because plaintiff's counsel advanced all litigation costs and expenses, took this case on a contingent fee basis, and defendant "dragged out negotiations for fees and costs," thereby delaying payment for approximately twelve months. Mem. at 18–19; *see also* Joint Status Report at 2, ECF No. 14. Defendant disagrees and argues this is not a case where a multiplier is justified. *See* Opp'n at 16–18.

"[I]n rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar." *Camacho*, 523 F.3d at 982 (internal quotation and citation omitted). The court may adjust the lodestar fee award based on the following factors: "(1) the

novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

An upward adjustment to the lodestar is not warranted in this case. While counsel represented plaintiff on a contingency basis, there were no novel or difficult issues presented and the time and labor spent to resolve the matter was minimal. Plaintiff filed a complaint and then three months later accepted an offer of judgment. *See* Compl., ECF No. 1; Notice, ECF No. 5; *see also Maldonado*, 2024 WL 1092913, at *7 (finding lodestar multiplier unwarranted for same reasons).

### 6. Total Fee Award

Having determined the reductions above, the court calculates the lodestar amount as follows:

| Person | Rate Requested | Billed Hours | Adjusted Rate | Final Adjusted Hours | Total |
|---|---|---|---|---|---|
| Cardoza | $625 | 5.3 | $575 | 5.2 | $2,990.00 |
| Veggian | $425 | 15 | $375 | 14.86 | $5,572.50 |
| Gaviola | $325 | 6 | $325 | 5.8 | $1,885.00 |
| Hakimian | $175 | 9.3 | $125 | 7.5 | $937.50 |
| Woods | $95 | 0.4 | $95 | 0.38 | $36.10 |
| | | | | **Total** | **$11,421.10** |

Accordingly, the total lodestar amount is $11,421.10.

### B. Costs

Plaintiff also seeks $457.63 in costs. *See* Mem. at 16; Bill of Costs, ECF No. 18. Defendant argues these costs should be reduced. Costs are generally awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579–80

(9th Cir. 2010). In FDCPA cases, "expenses that are generally charged to paying clients may be awarded, even though they are not normally taxable as costs." *Garcia v. Resurgent Capital Services, L.P.*, No. 11-1253, 2012 WL 3778852, at *12 (N.D. Cal. Aug. 30, 2012).

Here, plaintiff seeks costs incurred for service fees, filing fees and mailing costs. Mem. at 16. While defendant concedes the court should award the filing fee, defendant argues the combined $55.63 in mailing costs and service fees "are not supported by credible evidence or the timeline of events at hand." Opp'n at 19. First, defendant argues because plaintiff did not provide documentation supporting the $14.45 for postage, this cost should not be awarded. *Id.* at 19. Plaintiff states the lack of documentation was "[d]ue to a clerical error," but argues the cost for mailing should still be awarded and submits a declaration. Cardoza Decl. ¶ 47; Reply at 11. The court finds this self-serving declaration insufficient to grant the postage fee and declines to award this cost. *Cf. Martinez v. Costco Wholesale Corp.*, No. 19-1195, 2020 WL 4697977, at *4 (S.D. Cal. Aug. 12, 2020) (finding lack of evidence beyond self-serving declaration insufficient).

Second, defendant argues the service fee should not be awarded because by the time defendant was served, plaintiff had been served with two offers of judgment. Opp'n at 19. In response, plaintiff argues counsel had already incurred the service costs when defendant served plaintiff with the judgment offer she accepted. Reply at 11. The record before the court indicates otherwise. On December 22, 2022, defendant served plaintiff the offer of judgment plaintiff ultimately accepted via electronic mail. Offer, Notice Ex. A, ECF No. 5-1. On January 4, 2023, plaintiff billed time for assembling and sending the "service package via one legal." Invoice at 3. One Legal billed plaintiff for the service fee the next day —January 5, 2023—the same day plaintiff then accepted the December 22, 2022, offer of judgment. Notice at 2; *see also* Service Invoice, Bill of Costs Ex. F, ECF No. 18 (service invoice billed for January 5, 2023). The court cannot find plaintiff incurred the service fee before plaintiff was served with the offer of judgment she accepted. The court declines to award this cost.

In sum, the court awards $402.00 in costs.

## IV. CONCLUSION

Plaintiff's motion for attorneys' fees is **granted in part** and **denied in part** as described above. Plaintiff is awarded $11,421.10 in fees and $402.00 in costs. Defendant shall pay these amounts to plaintiff's counsel within thirty (30) days of the date of this order.

This order resolves ECF No. 17.

IT IS SO ORDERED.

DATED: October 12, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE